IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FRANTZ OSCAR, #25832-083                                         PETITIONER

VERSUS                                    CIVIL ACTION NO.  3:15-cv-90-CWR-FKB

M. MARTIN, Warden                                              RESPONDENT

<u>ORDER OF DISMISSAL</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner

Frantz Oscar is a federal inmate presently incarcerated at the Federal Correctional Complex in

Yazoo City, Mississippi.  He filed this *pro se* Petition for habeas corpus relief pursuant to 28

U.S.C. § 2241.  After reviewing the Petition [1], Memorandum in Support [2], and Response [7],

in conjunction with the relevant legal authority, the Court concludes that Oscar's petition should

be dismissed.

**I.       Background**

On February 28, 1994, a jury in the United States District Court for the Eastern District

of Virginia convicted Oscar of 12 counts of a multi-count indictment.  Oscar was convicted of

conspiracy to distribute cocaine (21 U.S.C. § 846), distributing cocaine (21 U.S.C. § 841 (a)(1)),

using a firearm in relation to drug trafficking or a crime of violence (18 U.S.C. § 924(c)(1)),

engaging in a Continuing Criminal Enterprise ("CCE"), murder in furtherance of a CCE (21

U.S.C. §§ 848, 848 (e)(1)(A), 18 U.S.C. § 2), and making a place available for distribution of

cocaine (21 U.S.C. § 856 (a)).  *See United States v. Oscar*, No. 2:93-cr-131 (E.D. Va. 1994).

On July 19, 1994, the trial court vacated Oscar's conspiracy conviction.  *Id.* at ECF No.

481 (Order vacating conviction).  The Fourth Circuit affirmed Oscar's convictions and sentences

on September 11, 1995.  *United States v. Gooding, et al*, 67 F.3d 297, 1995 WL 538690, at *1

(4th Cir. 1995).

Thereafter, on July 25, 2000, the trial court vacated Oscar's conviction for using a firearm in relation to drug trafficking or a crime of violence.  *See Oscar*, No. 2:93-cr-131, ECF No. 624 (Order vacating conviction).  Included in Oscar's remaining convictions are two counts of aiding and abetting murder in furtherance of a Continuing Criminal Enterprise. Oscar received concurrent life sentences without the possibility of parole for these two convictions.

Oscar claims that he is entitled to habeas relief because he is actually innocent of aiding and abetting murder in furtherance of a CCE.  Pet. [1] at 4.  Oscar asserts that he "did not have prior knowledge that anyone would be killed in the course of the drug trafficking venture" and that his "presence and involvement in the events leading up to and subsequent to the murders alone, is no longer sufficient to constitute aiding and abetting."  Pet. [1] at 4; Mem. in Supp. [2] at 15.  As support for his claim Oscar relies on the United States Supreme Court's decision in *Rosemond v. United States*,134 S.Ct. 1240 (2014).[1]  Oscar asks the Court to vacate his two convictions for aiding and abetting murder in furtherance of a CCE.

## II.    Analysis

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to  28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  By contrast, a federal inmate's challenge to the validity of his

---

[1] In *Rosemond,* the United States Supreme Court held that a defendant must have advance knowledge that an accomplice will use or carry a firearm to be convicted of aiding and abetting the federal crime of using or carrying a firearm in connection with a drug trafficking crime set forth in 18 U.S.C. § 924 (c).  *See* 134 S. Ct. at 1243, 1249-50.

conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court.  *Id.* (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)) ("[T]he primary means of collateral attack on a federal sentence" is a § 2255 motion.).  If a prisoner is challenging errors that "occurred during or before sentencing" his claims should be pursued in a § 2255 motion. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (citations omitted).

There is, however, an exception to this rule.  "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To meet the "inadequate or ineffective" requirement, an inmate "must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion." *Id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).  The inmate bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Since Oscar is challenging the validity of his convictions and sentences, he may not pursue these claims in a § 2241 petition unless he can meet the requirements of the savings clause.  *See, e.g., Rodriguez-Pena v. Werlich*, No. 14-31066, 2015 WL 4547752, at *1 (5th Cir. July 28, 2015) (finding § 2241 petition arguing actual innocence under *Rosemond* is a challenge to the validity of inmate's conviction).  According to Oscar, he meets the criteria to proceed under the savings clause because *Rosemond* is a retroactively applicable Supreme Court decision which demonstrates that he is actually innocent of aiding and abetting murder in furtherance of a

CCE.

The Court finds that Oscar's reliance on *Rosemond* is misplaced.  *Rosemond* involved a direct appeal from a criminal conviction for aiding and abetting a § 924(c) offense.  The Supreme Court did not hold that its ruling applies beyond aiding or abetting § 924 (c) offenses.  This Court has already declined to extend the holding of *Rosemond*  beyond § 924(c) offenses in a § 2255 Motion.  *Nix v. United States*, No. 1:15-cv-79-LG, 2015 WL 2137296, at *2-3 (S.D. Miss. May 7, 2015) (finding *Rosemond* did not apply to a non-section 924(c) offense).

Oscar is attacking his convictions for aiding and abetting the federal crime of murder in furtherance of a CCE, an offense under 18 U.S.C. § 848 (e)(1)(A).  Unlike the defendant in *Rosemond*, Oscar does not stand convicted of aiding and abetting a § 924 (c) offense.  Absent authority from the Supreme Court or the Fifth Circuit, this Court declines to extend *Rosemond* to the convictions Oscar challenges in this habeas petition.  *See United States v. Persaud*, No. 14-10880, 2015 WL 1260720, at *9 (11th Cir. Mar. 20, 2015) (affirming district court's denial of relief sought under *Rosemond* for non-section 924(c) offense, concluding "*Rosemond* did not involve a factual scenario similar to the present one, and [the Supreme Court] did not hold that its ruling applied beyond aiding or abetting § 924(c) offenses."); *Rodgers v. United States*, Nos. 11-20481, 13-13836, 2014 WL 7341133, at *3 n.3 (E.D. Mich. Dec. 23, 2014) (finding *Rosemond* irrelevant to a count not charging a violation of § 924 (c)).

Further unlike the defendant in *Rosemond*, Oscar is not proceeding on direct appeal.  He is before Court seeking habeas corpus relief under § 2241  The Supreme Court gave no indication that its decision in *Rosemond* should be given retroactive application to cases on collateral review.  "Only the Supreme Court can render a new rule retroactively applicable to

4

cases on collateral review." *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (citing *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001)).

This Court and almost every other court that has considered this issue has held that *Rosemond* does not apply retroactively to cases on collateral review. *Nix v. United States*, No. 1:15-cv-79-LG, 2015 WL 2137296, at *2-3 (S.D. Miss. May 7, 2015) (finding *Rosemond* is not retroactively applicable to cases on collateral review); *Aquil v. Butler*, No. 6:14-230-DCR, 2015 WL 1914404, at *4 (E.D. Ky. Apr. 27, 2015) (finding petitioner's reliance on *Rosemond* did not entitle him to proceed under savings clause, and further stating, "the consensus among district courts which have addressed this issue have determined that . . . *Rosemond* does not apply retroactively to cases on collateral review"); *Metz v. United States*, No. 14-cv-3081, 2015 WL 566766, at * 3 (W.D. La. Feb. 9, 2015) ("the Supreme Court has not held that *Rosemond* applies retroactively, and no circuit court has given *Rosemond* such effect"); *Montana v. Cross,* No. 3:14-cv-01019, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014) (collecting cases), *on appeal,* No. 14-3313 (7th Cir.), *but see United States v. Greene*, No. 2:14-cv-431, 2015 WL 347833, at *2 (E.D. Wisc. Jan. 23, 2015) (finding *Rosemond* applies retroactively at least for a § 2255 motion attacking a § 924(c) offense but declining to extend *Rosemond* to a conviction pursuant to another statute, 18 U.S.C. § 2113).[2]  However, it is unnecessary for the Court to reach the issue of retroactivity here, because even if *Rosemond* was applied retroactively, it would not apply to the convictions Oscar challenges in this habeas petition.

---

[2]Although the district court in *Montana v. Cross* held that *Rosemond* was not retroactive, the Government conceded retroactivity in the specific context of a § 924(c) offense in their appeal brief to the Seventh Circuit and before the district court in *United States v. Greene.  See Montana*, No. 14-3313, ECF No. 23 at 18 (Appellee's Brief); *Greene,* 2015 WL 347833, at *1.  *Montana v. Cross* is before the Seventh Circuit for consideration and oral argument is set for September 30, 2015.  *See Montana*, No. 14-3313, ECF No. 27 (Notice of Oral Argument).

Oscar bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy in order to proceed with his claims in a § 2241 petition. *Jeffers,* 253 F.3d at 830. He fails to meet this burden. Therefore, Oscar is not entitled to habeas relief under § 2241.

## III.    Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for habeas relief pursuant to § 2241 is dismissed as frivolous. *See Ojo vs. INS,* 106 F.3d 680, 683 (5th Cir.1997) (finding inmate's § 2241 petition asserting claims properly pursued under § 2255 to be "thoroughly frivolous"). Further, to the extent the Petition can be construed as a § 2255 motion it shall be dismissed for lack of jurisdiction. *Pack,* 218 F.3d at 454.

A Final Judgment in accordance with this Order of Dismissal shall be issued.[3]

SO ORDERED, this the 10th day of September, 2015.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3]A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538-39 (5th Cir. 2005).